Matter of Eldan Homes, Inc. v New York Pub. Serv. Commn. (2019 NY Slip Op 05616)





Matter of Eldan Homes, Inc. v New York Pub. Serv. Commn.


2019 NY Slip Op 05616


Decided on July 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 11, 2019

527867

[*1]In the Matter of ELDAN HOMES, INC., et al., Appellants,
v
NEW YORK PUBLIC SERVICE COMMISSION et al., Respondents.

Calendar Date: June 6, 2019

Before: Garry, P.J., Egan Jr., Clark, Devine and Pritzker, JJ.


The Dax Law Firm, PC, Albany (John W. Dax of counsel), for appellants.
John J. Sipos, Public Service Commission, Albany (Lucas C. McNamara of counsel), for New York Public Service Commission, respondent.
Barclay Damon LLP, Syracuse (David G. Burch Jr. of counsel), for Niagara Mohawk Power Corporation, respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a judgment of the Supreme Court (Ryba, J.), entered February 21, 2018 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Public Service Commission denying petitioners' request for retroactive reimbursements of charges paid for a utility service.
Respondent Niagara Mohawk Power Corporation (hereinafter National Grid) is required as a utility company to provide, among other things, electrical service to new residential units in a subdivision and to bear the cost associated with providing 100 feet of such service (see Public Service Law § 31 [4]; 16 NYCRR 98.2 [e]). In 2010, respondent Public Service Commission (hereinafter PSC) issued an order clarifying a utility company's obligations when it provides residences with three-phase service, a type of service involving the installation of three wire lines, which is required by some residential subdivisions and is more expensive than single-phase service. Specifically, the PSC directed that "all three-phase customers should pay an additional fee" whenever three-phase service is installed in a residential subdivision, regardless of the reason for the installation. In 2011, in compliance with the directives of the PSC's 2010 order, National Grid filed a rate tariff stating that each customer is "entitled to 100 feet of free underground single[-]phase distribution line, or the equivalent cost of 100 feet of single[-]phase service lateral credit" (hereinafter the 2011 rate tariff). The effect of the 2011 rate tariff was that, when three-phase service was installed in a new residential subdivision, the customer was reimbursed for the cost of 100 feet of single-phase service per residence or approximately 33 feet of three-phase service.
While the 2011 rate tariff was in effect, petitioners were the developers of certain residential subdivisions located within National Grid's service territory and, as a result of the [*2]tariff, were charged for the cost of all wire measuring in excess of 100 feet. Petitioners filed a complaint with the PSC to challenge, as relevant here, National Grid's practice of calculating the statutory 100 feet of free service by the total volume of wire in the trench irrespective of the type of service received [FN1]. A Hearing Officer subsequently determined that National Grid had correctly billed petitioners for the installation of underground electric services beyond the first 100 feet of wire. Petitioners administratively appealed.
In February 2017, during the pendency of petitioners' administrative appeal, the PSC issued an order in which it determined that utility companies must provide the first 100 feet of service at no cost to the customer, regardless of whether the service provided was single phase or three phase. The PSC determined, however, that if a customer insisted upon three-phase service when single-phase service would have been sufficient, the customer would be entitled to only "an amount of three-phase service equal in cost to the 100 feet of single[-]phase service." Although the PSC directed National Grid to file a revised tariff in accordance with its determination, it concluded that an award of retroactive reimbursement based upon National Grid's prior implementation of its 2011 rate tariff was precluded by the filed rate doctrine.
With respect to petitioners' administrative appeal, in September 2017, the PSC reversed the Hearing Officer's determination, finding that National Grid's footage calculation methods were improper. However, in reliance upon its February 2017 order, the PSC determined, as relevant here, that the filed rate doctrine prohibited retroactive refunds for the improper three-phase service charges [FN2]. Petitioners thereafter commenced this CPLR article 78 proceeding, solely challenging the PSC's determination to deny them retroactive refunds for the improper three-phase service charges. Supreme Court dismissed the petition, and petitioners appeal.
As recognized by petitioners in their verified petition, the issue raised in this proceeding is identical to that raised in Matter of Megnin Farms at Poolsbrook, LLC v New York Pub. Serv. Commn. (172 AD3d 1563 [2019])[FN3]. For the reasons stated therein (id. at 1566), we reject petitioners' assertion that the PSC's determination to deny the requested retroactive refunds was arbitrary and capricious or irrational. Accordingly, Supreme Court properly dismissed the petition.
Garry, P.J., Egan Jr. and Pritzker, JJ., concur; Devine, J., not taking part.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Petitioners also challenged National Grid's practice of providing a pro-rated reimbursement rate for customer-performed trench excavation work based upon the number of utilities that occupied the trench. However, in October 2016, while petitioners' complaint was pending, the PSC issued an order requiring National Grid to pay the full trench excavation costs for the first 100 feet of service, regardless of the number of utilities in the trench, and to refund the difference between the total trench excavation cost and the pro-rated amount. This order was the subject of a CPLR article 78 proceeding, which Supreme Court dismissed. Upon appeal, this Court affirmed (Matter of Glenwyck Dev., LLC v New York Pub. Serv. Commn., 167 AD3d 1375, 1375-1378 [2018]).

Footnote 2: The PSC did, however, direct National Grid to reimburse petitioners for any improper trench excavation charges, to the extent that it had not already done so in compliance with its October 2016 order.

Footnote 3: Petitioners unsuccessfully sought to intervene in the Megnin Farms proceeding.